F I L E D
United States Court of Appeals
Tenth Circuit

DEC 11 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN E. LEMONS, JR.,

     Plaintiff-Appellant,

v.

RAMONA K. LEWIS, Detective,

    Defendant-Appellee.

No. 97-3196
(D.C. No. 95-CV-2507-EEO)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

John E. Lemons, Jr. was indicted in Clay County, Missouri on charges of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

armed robbery and armed criminal action. Mr. Lemons' criminal trial ended in a hung jury and the court declared a mistrial. Mr. Lemons subsequently filed this pro se action in the district court against the Kansas City, Missouri Board of Police commissioners (the Board) and Detective Ramona Lewis alleging various violations of his constitutional rights under 42 U.S.C. §§ 1983 and 1985, and asserting state law tort claims. We construe Mr. Lemons' brief as an appeal of the district court's grant of a judgment on the pleadings in favor of the Board and its grant of summary judgment to defendant Lewis. We affirm for substantially the reasons set forth by the district court below.

The district court correctly found that the Board is not a suable entity and entered judgment on the pleadings on that basis. As to Mr. Lemons' claims against Detective Lewis, the district court construed the complaint as asserting the following: claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution; a claim under 42 U.S.C. § 1985(3) for conspiracy to deprive Mr. Lemons of equal protection or equal privileges and immunities; claims under section 1983 for alleged suggestive identification procedures, failure to investigate Lemons' case, and violations of his Miranda rights; and state tort claims for false arrest, false imprisonment and malicious prosecution.

The district court correctly determined the existence of probable cause to arrest Mr. Lemons, thereby eliminating any constitutional or tort law basis for his

false arrest, false imprisonment, and malicious prosecution claims. In addition, the district court correctly determined that Mr. Lemons' allegations of a suggestive lineup and deprivation of his <u>Miranda</u> rights are not actionable under section 1983 where, as here, improperly obtained evidence was not used to defendant's prejudice at trial. Finally, the district court correctly found Mr. Lemons failed to support his section 1985(3) allegation with any evidence of a conspiracy to deprive him of equal protection, or of discriminatory animus, and that none exists in the record.

We **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge